**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    SYLVIA CHUKUANI,

10              Plaintiff,                        No. C 13-00500 JSW

11        v.

12   WELLS FARGO BANK, N.A. and DOES 1          **ORDER (1) REQUIRING**
     through 50,                                **FURTHER BRIEFING AND (2)**
13                                              **CONTINUING HEARING**
                Defendants.
14   _____/

15

16        Now before the Court is the motion to dismiss filed by defendant Wells Fargo Bank,

17   N.A. ("Wells Fargo").  Wells Fargo is moving to dismiss all of the claims brought by plaintiff

18   Sylvia Chukuani ("Plaintiff"), including her sole federal claim under the Equal Credit

19   Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691, *et seq*.  Because the Court's jurisdiction over

20   this matter is based on the presence of an actionable federal claim, the Court is addressing

21   Plaintiff's ECOA claim first.  In light of Plaintiff's factual allegations, the Court has concerns

22   about whether Plaintiff may state a claim under ECOA.  Although Plaintiff argues that she was

23   not in default when she submitted an application for a loan modification (Opp. at 10 (citing

24   Compl., ¶¶ 11-13)), the allegations in her Complaint demonstrate otherwise.  Plaintiff alleges

25   that she "stopped making payments and began applying for a loan modification."  (Compl., ¶

26   14.)  Therefore, based on Plaintiff's allegations, she was in default when Wells Fargo allegedly

27   failed to provide notice.

28

United States District Court

For the Northern District of California

A modification of a mortgage loan constitutes an offer of credit under ECOA.  *See Estate of Davis v. Wells Fargo*, 633 F.3d 529, 538 (7th Cir. 2011) (citing 12 C.F.R. § 202.2(q) (defining "extend credit and extension of credit" to include "the refinancing or other renewal of credit"); *see also Boyd v. U.S. Bank, N.A.*, 787 F. Supp. 2d 747, 757 (N.D. Ill. 2011) ("An 'applicant' includes individuals ... who seek a loan modification") (citing 15 U.S.C. § 1691a(b)); *Watts v. JP Morgan Chase Bank, N.A.*, 2012 WL 3638537, *3 (N.D. Cal. Aug. 22, 2012) ("A modification of an existing loan is an extension of credit for ECOA purposes.").

Under ECOA, once a lender receives a completed application for credit, the lender has thirty days to notify the applicant of its "action" on the application.  *See* 15 U.S.C. § 1691(d)(1). The ECOA regulations provide that this notice requirement is triggered upon three events: (1) an approval of credit; (2) a counteroffer for credit; or (3) an "adverse action."  12 C.F.R. § 202.9(a)(1)(i)-(iv).  If the lender takes an "adverse action," the lender must also provide a statement of reasons or allow the applicant to request such a statement.  15 U.S.C. § 1691(d)(2). A failure to provide any response is considered an adverse action.  *See Piotrowski v. Wells Fargo Bank, N.A.*, 2013 WL 247549, *9 (D. Md. Jan. 22, 2013) (rejecting Wells Fargo's argument that inaction does not constitute an "adverse action" under ECOA, finding that a "[failure] to act on an application for credit is a *de facto* denial"); *see also Meadows v. First American Trustee Servicing Solutions, LLC*, 2012 WL 3945491, *5 (N.D. Cal. Sept. 10, 2012) (finding that failure to make a determination after fifteen months was "tantamount to a denial of credit and adverse action under ECOA").

However, 15 U.S.C. section 1691(d)(6) ("Section 1691(d)(6)") provides that the term adverse action "does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default ...."  *See* 15 U.S.C. § 1691(d)(6); *see also* 12 C.F.R. § 202.2(c)(2)(ii) (providing that the term adverse action "does not include ...[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account").  Therefore, courts have held that "ECOA's notice requirements do not apply where the consumer requesting credit is delinquent or in default on an existing relationship with the creditor."  *Clark v. Bank of America, N.A.*,

2013 WL 3069305, *8 (E.D. Mich. June 18, 2013) (internal quotation marks and citation omitted); *see also Rockridge Trust v. Wells Fargo, N.A.*, --- F. Supp. 2d ---, 2013 WL 542877, *17 (N.D. Cal. Sept. 25, 2013) (holding that plaintiff failed to state a claim under ECOA's notice requirements where plaintiff was delinquent on his mortgage loan payments when he sought the loan modification); *Davis v. CityMortgage, Inc.*, 2011 WL 891209, *5 (E.D. Mich. March 11, 2011) (same).  "The default status of a consumer is determined at the time the creditor takes action with respect to the consumer, rather than at the time the creditor applies for credit."  *CitiMortgage*, 2011 WL 891209 at *2.

Nevertheless, some courts have allowed claims based on a failure to provide notice pursuant to 15 U.S.C. section 1691(d)(1) ("Section 1691(d)(1)") to go forward despite the fact that the plaintiff was in default at the time of the application for credit.  *See*, *e.g.*, *Piotrowski v. Wells Fargo Bank, N.A.*, 2013 WL 247549, *8.  It is not clear to the Court how a plaintiff in default may state a claim for failure to provide notice under Section 1691(d)(1).  Section 1691(d)(6) provides a definition of "adverse action" that applies to the entire subsection (d), including Section 1691(d)(1).  However, before the Court dismisses Plaintiff's ECOA claim without leave to amend in light of her allegations that establish she was in default at the relevant time, the Court will provide Plaintiff with an opportunity to provide legal authority demonstrating that she states a viable claim for failure to provide notification under ECOA.

Therefore, the Court HEREBY DIRECTS Plaintiff to provide further briefing to address whether Plaintiff may state an ECOA claim based on Wells Fargo's failure to provide notification of its *de facto* denial of her modification application.  Plaintiff's further briefing shall be filed by no later than October 24, 2013.  Wells Fargo may respond by no later than

///
///
///
///
///
///

3

October 31, 2013.  The Court HEREBY CONTINUES the hearing on Wells Fargo's motion to

dismiss to December 13, 2013.

**IT IS SO ORDERED.**

Dated: October 16, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4