IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA CHUKUANI,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and DOES 1 through 50,<br><br>    Defendants.<br>_____ / | No. C 13-00500 JSW<br><br>**ORDER REGARDING MOTION TO DISMISS** |

    Now before the Court is the motion to dismiss filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo") the first amended comlaint ("FAC") filed by plaintiff Sylvia Chukuani ("Plaintiff"). The Court finds this motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the Court VACATES the hearing scheduled for December 13, 2013.

    As the Court noted in the Order requiring further briefing, Wells Fargo is moving to dismiss all of the claims brought by Plaintiff, including her sole federal claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691, *et seq*. The Court raised concerns whether, in light of Plaintiff's factual allegations, Plaintiff could state a claim under ECOA. The allegations of Plaintiff's FAC demonstrates that she was in default when she submitted an application for a loan modification. (FAC, ¶ 14 (alleging that "Plaintiff stopped submitting her payments and began applying for a loan modification.").)

1    Courts have held that ECOA notice requirements do not apply to applicants who are
2 delinquent or otherwise. *See Clark v. Bank of America, N.A.*, 2013 WL 3069305, *8 (E.D.
3 Mich. June 18, 2013) (internal quotation marks and citation omitted) ("ECOA's notice
4 requirements do not apply where the consumer requesting credit is delinquent or in default on
5 an existing relationship with the creditor."); *see also Rockridge Trust v. Wells Fargo, N.A.*, ---
6 F. Supp. 2d ---, 2013 WL 5428722, *17 (N.D. Cal. Sept. 25, 2013) (holding that plaintiff failed
7 to state a claim under ECOA's notice requirements where plaintiff was delinquent on his
8 mortgage loan payments when he sought the loan modification); *Davis v. CityMortgage, Inc.*,
9 2011 WL 891209, *5 (E.D. Mich. March 11, 2011) (same). "The default status of a consumer
10 is determined at the time the creditor takes action with respect to the consumer, rather than at
11 the time the creditor applies for credit." *CitiMortgage*, 2011 WL 891209 at *2.

12    Before dismissing Plaintiff's ECOA claim on this basis, the Court provided Plaintiff
13 with an opportunity to provide legal authority demonstrating that she states a viable claim for
14 failure to provide notification under ECOA. In response, Plaintiff failed to provide any legal
15 authority or even argue that she may state an ECOA claim despite her allegations that she
16 stopped making payments. Instead, she argues that she did not allege that she was in default
17 and that Wells Fargo made an accounting error. (Plaintiff's Further Br. at 2.) However,
18 Plaintiff ignores her allegation, noted by the Court, that she "*stopped submitting her payments*."
19 (FAC, ¶ 14 (emphasis added).) Therefore, the Court finds that Plaintiff's ECOA claim fails as a
20 matter of law. Accordingly, the Court grants Wells Fargo's motion to dismiss as to Plaintiff's
21 ECOA claim.

22    The Court's jurisdiction over this action is based solely on the existence of a federal
23 question, and the remaining claims arise solely under state law. In light of the Court's dismissal
24 of Plaintiff's sole federal claim, the Court must determine whether it should exercise
25 supplemental jurisdiction over Plaintiff's remaining state-law claims. A district court may
26 decline to exercise supplemental jurisdiction in a case arising from a common nucleus of
27 operative fact where: (1) a novel or complex issue of state law is raised; (2) the claim
28 substantially predominates over the federal claim; (3) the district court dismisses the federal

claims; or (4) under exceptional circumstances. *See* 28 U.S.C. § 1367(c). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted). When "federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute*, 28 U.S.C. § 1447(c); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (suggesting in dicta that "if federal claims are dismissed before trial, ... the state claims should be dismissed as well") (footnote omitted), *superseded by statute*, 28 U.S.C. § 1367.

The United States Supreme Court has explained that "[n]eedless decisions of state law should be avoided as both a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers*, 383 U.S. at 726 (footnote omitted). In this case, it would be equally convenient for the parties to try the remaining claims in state court. Further, the Court has expended few resources in supervising this case. *See Trustees of the Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding an abuse of discretion where the district court ordered a dismissal of state law claims just seven days before trial and after long delays). Therefore, the principles of comity, convenience, and judicial economy weigh against retaining supplemental jurisdiction in this case.

Accordingly, the Court declines to exercise jurisdiction over Plaintiff's state-law claims and denies the remainder of Wells Fargo's motion to dismiss as moot. This Order is without prejudice to Plaintiff refiling her claims in state court and to Wells Fargo renewing its

///
///
///
///
///

arguments raised in its motion to dismiss in state court. A separate judgment shall issue and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 6, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4